IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

MARCUS B HARRIS,

    Plaintiff,
v.                                          CASE NO. 4:16-cv-72-MW-GRJ

PAMELA C MARSH,
U.S. Attorney,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate in the custody of the Florida Department of Corrections presently confined at Hamilton CI, initiated this case by filing a *pro se* complaint styled as a "'Supervisory' Petition for Writ of Mandamus" and seeks leave to proceed as a pauper. ECF Nos. 1, 2. The Complaint is deficient because Plaintiff failed to use the Court's form for prisoner litigants seeking to file civil cases in this Court. The IFP motion is deficient because Plaintiff failed to submit a Prisoner Consent and Financial Certificate. The Court will not require Plaintiff to correct these deficiencies because, for the reasons discussed below, it is respectfully **RECOMMENDED** that this case should be dismissed pursuant to the 28 U.S.C. § 1915(g) three-strikes bar.

## I. Discussion

Plaintiff purports to bring this action on behalf of his late brother, Rudolph Harris. According to the Complaint and attached exhibits, Rudolph Harris was an inmate in DOC custody who passed away at Zephyrhills CI in March 2015. The death certificate attached to the Complaint states that Rudolph Harris died of metastatic carcinoma. ECF No. 1 at 6. The Complaint alleges that DOC Secretary Julie Jones and Corizon, LLC, conspired to cover up Rudolph Harris's "wrongful death." Plaintiff seeks an order from this Court compelling the United States Attorney to conduct a grand jury investigation of Rudolph Harris's death. ECF No. 1.

The Prison Litigation Reform Act of 1995 ("PLRA") provides that a prisoner may not bring a civil action under 28 U.S.C. § 1915 (the *in forma pauperis* statute):

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This is commonly known as the PLRA's "three strikes" rule. "A prisoner under imminent danger of serious physical injury

can qualify for the 'imminent danger exception,'" but the prisoner must allege a present imminent danger. *Miller v. Donald*, 541 F.3d 1091, 1095 (11th Cir. 2008); *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999).

Plaintiff has run afoul of 28 U.S.C. §1915(g) three strikes rule. Plaintiff previously filed at least three cases or appeals which were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. *See Harris v. Sec'y, DOC, et al.*, Case No. 4:14-cv-669-MW-CAS, ECF No. 55 (Eleventh Circuit order finding that Plaintiff is subject to three strikes bar*).*

Because Plaintiff is subject to the three-strikes bar, he is barred from proceeding as a pauper in a civil action unless he is under "imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The relevant inquiry is "whether [the] complaint, as a whole, alleges imminent danger of serious physical injury." *Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004). General allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g). *See Martin v. Shelton,* 319 F.3d 1048, 1050 (8th Cir. 2003). The Plaintiff must make "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the

likelihood of imminent serious physical injury," *id.,* and vague allegations of harm and unspecific references to injury are insufficient. *White v. State of Colorado,* 157 F.3d 1226, 1231 (10th Cir. 1998). A claim by a prisoner that he faced a past imminent danger is insufficient to allow him to proceed *in forma pauperis* pursuant to the imminent danger exception. *Medberry v. Butler,* 185 F.3d 1189, 1193 (11th Cir. 1999) (holding that exception not triggered where threat of assault by other prisoners ceased to exist when plaintiff was placed in administrative confinement prior to filing of his complaint); *see also Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002) (imminent danger exception is construed narrowly and available only "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate.").

Plaintiff's allegations in the instant Complaint do not suggest that he can satisfy the "imminent danger" exception to the three-strikes bar. Accordingly, the Court concludes that Plaintiff is barred by the three-strikes provision of 28 U.S.C. § 1915(g) from bringing this case as a pauper. A prisoner who is no longer entitled to proceed in forma pauperis must pay the filing fee at the time he initiates the suit, and failure to do so warrants dismissal without prejudice. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th

Cir. 2002).

## II. Conclusion

It is respectfully **RECOMMENDED** that this case should be dismissed without prejudice pursuant to the 28 U.S.C. § 1915(g) three-strikes bar.

**IN CHAMBERS**, at Gainesville, Florida, this 9th day of February 2016.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**